# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 12, 2012

No. 12-60100
Summary Calendar

Lyle W. Cayce
Clerk

PETER ANTONIO SEALE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A013 854 990

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Peter Antonio Seale, a native and citizen of Barbados, petitions this court for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ) order that he be removed as an aggravated felon. Seale does not dispute that, if he is an alien, he is removable by virtue of his Texas conviction of aggravated sexual assault. However, he argues that his removal proceeding should have been terminated because he automatically derived United States citizenship from his father, who was a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

naturalized United States citizen, and from his step-mother, who was born a United States citizen.

Although our jurisdiction to review a final order of removal entered against an alien convicted an aggravated felony is limited, we may review our own jurisdiction, constitutional claims, or questions of law.   8 U.S.C. § 1252(a)(2)(C), (a)(2)(D); *see Marquez-Marquez v. Gonzales*, 455 F.3d 548, 554 (5th Cir. 2006).  A nationality claim is a question of law that we review de novo. *Marquez–Marquez*, 455 F.3d at 554.  If we determine "from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, [we will] decide the nationality claim."  § 1252(b)(5)(A).

The provisions of the Child Citizenship Act of 2000, which currently govern claims of derivative citizenship, do not apply in Seale's case because he was over the age of 18 when the Act took effect.  *See Marquez-Marquez*, 455 F.3d at 551 n.3.  Seale's claim must be decided under the immigration statutes in effect at the time he allegedly fulfilled the last requirement for derivative citizenship.  *See In re Nwozuzu*, 24 I. & N. Dec. 609, 611, 616 n.13 (BIA 2008). Former Immigration and nationality Act (INA) § 321, 8 U.S.C. § 1432, granted derivative citizenship automatically to a child born outside the United States if, following the death of one parent, the remaining parent became a naturalized United States citizen while the child was under eighteen years of age and the child lived in the United States as a legal permanent resident.  Former INA § 322, 8 U.S.C. § 1433, provided a means by which a child born outside the United States could obtain citizenship via adoption by a United States citizen. However, Seale has presented no evidence to establish that his mother died, that his father was naturalized, or that if such naturalization occurred it took place when he was under the age of eighteen years old.  Nor has Seale presented evidence that his United States citizen step-mother adopted him.  Seale's unsupported assertions do not raise a genuine issue of material fact as to whether he is a United States citizen.

Seale also has raised a number of arguments for the first time in his petition for review. He contends that his immigration proceedings should not have been held in Houston, Texas, because he is from New York, New York. He also contends that the IJ erroneously held him to the burden of proving his derivative citizenship, failed to help him prove his citizenship by subpoenaing the necessary evidence, failed to order the State Counsel for Offenders to represent him, and imposed laws against him in violation of the ex post facto clause. Because Seale failed to exhaust his administrative remedies as to those issues, we lack jurisdiction to consider them. *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009).

Seale has not established that the BIA erred in dismissing his appeal from the IJ's order of removal. His petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART. His motions to subpoena documents and for the appointment of counsel are DENIED.